# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| TODD GRAFTON, et al.,<br>    plaintiffs<br><br>v.<br><br>RUBEN LOURENCO, et al.,<br>    defendants. | Civil No. BPG-15-928 |

## MEMORANDUM OPINION

On October 23, 2015, the court directed the parties to explain why this case should not be remanded to Maryland state court pursuant to 28 U.S.C. § 1447(c). (ECF No. 45.) Plaintiffs filed a "Response to Court's Directive in its Order Dated October 23, 2015" (ECF No. 46) ("Plaintiffs' Response") and a supplemental Letter (ECF No. 51) ("Plaintiffs' Letter"). Defendants filed a "Response to Court's Directive Regarding Diversity Jurisdiction" (ECF No. 47) ("Defendants' Response") and a supplemental Letter in support of Defendants' Response (ECF No. 48) ("Defendant's Letter"). The parties' submissions have been reviewed. No hearing is necessary. Loc. R. 105.6. For the reasons stated herein, this case is REMANDED to the Circuit Court for Queen Anne's County, Maryland.

## I.    Procedural Background

This case was originally filed in the Circuit Court for Queen Anne's County, Maryland on February 2, 2015. (ECF No. 2.) Defendants removed the case to this court pursuant to 28

U.S.C. §1441 on March 31, 2015. (ECF No. 1.) The case was originally assigned to Judge Blake, and, following a conference call with the parties, Judge Blake referred the case to the undersigned for all proceedings. (ECF No. 8.) The parties subsequently consented to a United States Magistrate Judge conducting all further proceedings in this case. (ECF Nos. 19 and 20.) The parties undertook discovery, and, on October 23, 2015, plaintiffs filed an Unopposed Motion for Leave of Court to File First Amended Complaint and Prayer for Jury Trial (ECF No. 42).

**II.    Factual Background**

Among the amendments set forth in plaintiffs' proposed First Amended Complaint is a change of defendant Ruben Lourenco's place of residence from "13294 S. Union Church Rd., Ellendale, Delaware 19941" to "Montgomery County, Maryland." (ECF No. 42, Ex. B.) Noting this change, the court directed the parties to explain why this case should not be remanded to Maryland state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), given that the plaintiffs are also citizens of Maryland.

Plaintiffs' Response indicates that, at the time of filing of the original complaint in Queen Anne's County Circuit Court (ECF No. 2), "the only information plaintiffs had regarding both defendants' residency was…that both defendants resided at an address of 13294 S. Union Church Road, Ellendale, Delaware 19941." (ECF No. 46, ¶ 1.) During the September 3, 2015 deposition of defendant Lourenco, plaintiffs first learned that Lourenco's "primary residence is 20600 Highland Hall Drive, Montgomery Village, Maryland 20886, and that he has lived there for the last seven years with his wife." (Id. at ¶ 4.) Plaintiffs attached a copy of the first ten pages of Mr. Lourenco's deposition to their Response. (ECF No. 46-2.) During his deposition, Mr. Lourenco stated that: he has "a house in Maryland and a house in Delaware" (ECF No. 46-2,

Lourenco Dep. at 4:11-12); he has owned the house in Montgomery Village, Maryland for seven years (Id. at 5:1-4); he has been living in the Montgomery Village, Maryland house "most of the time" for the last seven years (Id. at 6:9-16); and that his wife and stepdaughter live in that house with him. (Id. at 6:17-20.) In addition, Mr. Lourenco stated that his "house" at 13294 South Union Church Road, Ellendale, Delaware 19941 was "a house and building, an office and a yard for the company all together," and that this complex was not the "primary place where [he] live[s]." (Id. at 7:13-20.) Tellingly, Mr. Lourenco also referred to the Delaware house as "the house" and to the Maryland house as "my house." (Id. at 10:10-11.) Plaintiffs' Response presents no legal argument regarding the Court's jurisdictional inquiry, but concludes that, "unless Defendant Lourenco produces evidence to the contrary as to his residency, plaintiffs suggest that this Court is without jurisdiction." (ECF No. 46 at 2).

Defendants' Response and Letter present both legal and fact-based arguments in support of defendants' position that this court may properly exercise subject matter jurisdiction over this case. As factual support for defendants' claim that Mr. Lourenco is a Delaware citizen, defendants offer an affidavit sworn by Mr. Lourenco (ECF No. 47, Ex. C) and point to certain purported ambiguities regarding Mr. Lourenco's citizenship in his deposition testimony (Id., Ex. D). In the affidavit, Mr. Lourenco states that, at the time of filing of the Complaint (February 2, 2015) and the date of removal (March 31, 2015): he possessed a valid Delaware driver's license and did not possess a Maryland driver's license; he was registered to vote in Delaware; he had filed personal taxes in Delaware; and that he routinely spent Monday through Wednesday nights in Delaware.[1] (ECF No. 47, Ex. C.) Defendants further argue that Mr. Lourenco's answers to deposition questions regarding his residency were ambiguous and that Mr. Lourenco's address at

---

[1] Mr. Lourenco's affidavit was signed on October 30, 2015—one week after the court directed the parties to explain why this case should not be remanded to Maryland state court. Defendants did not attach a photocopy of Mr. Lourenco's tax returns, driver's license, or voter identification card.

3

the time of his deposition is not relevant to the question of subject matter jurisdiction. (ECF No. 47 at ¶ 5.) In sum, defendants assert that "at the time of removal and at the time of the Complaint, there were sufficient indicia to support Lourenco's residency and or/citizenship in the State of Delaware." (Id. at ¶ 6.)

As legal support for their position that this court may properly exercise subject matter jurisdiction over this case, defendants assert that "[T]he existence of subject matter jurisdiction based on diversity of citizenship is determined as of the filing of, and on the face of, the complaint in an original action and, in addition, at the time of the removal in an action filed in state court." (ECF No. 47 at ¶ 1, citing authority.) Defendants also cite a recent case out of the Northern District of West Virginia, Bloom v. Library Corp., 2015 WL 3970742 (N.D.W. Va. June 30, 2015), in support of their position.

## III. Discussion

### A. This court's subject matter jurisdiction over the case

The instant case was removed to this court on the basis of diversity jurisdiction in accordance with 28 U.S.C. § 1332 and § 1441. At the time of removal, the Complaint asserted that plaintiffs were citizens of the State of Maryland and defendants were citizens of the State of Delaware. (ECF No. 2.) The change of Mr. Lourenco's place of residence from the State of Delaware to the State of Maryland in plaintiffs' proposed First Amended Complaint (ECF No. 42, Ex. B) raised questions for the court regarding defendant Lourenco's citizenship.

"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[C]ourts…have an independent obligation

to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). In the diversity jurisdiction context, "[t]he presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998) (citing Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).

Defendants argue that "the existence of subject matter jurisdiction based on diversity of citizenship is determined at the time of filing of, and on the face of, the complaint in an original action and, in addition, at the time of the removal in an action filed in state court," and that, as a result, this court may properly exercise jurisdiction over this case. (ECF No. 47 at ¶ 1, citing authority.) While defendants' proposition regarding the time of filing rule is well established, its justification rests in cases where a party's citizenship changes after filing or removal and where a nondiverse party is joined to (or dismissed from) an action—not, as here, where there was a mistake of fact as to a party's citizenship at the time of filing or removal.[2] See Zuurbier v. MedStar Health, Inc., 306 F. Supp. 2d 1, 6 n. 7 (D.D.C. 2004) (noting that a party's misstatement of its citizenship does not change its actual citizenship for purposes of assessing diversity jurisdiction). When presented with such mistakes, the court must cure the jurisdictional defect by dismissing a party (or parties) from the case or by remanding the case to state court. See Synergy Advanced Pharm., Inc. v. CapeBio, LLC, 797 F. Supp. 2d 276, 285 (S.D.N.Y. 2011). In

---

[2] To be clear, plaintiffs' proposed amendment regarding Mr. Lourenco's address is <u>not</u> based on a theory that Mr. Lourenco moved, changed residence, or changed citizenship after the filing of the suit—or at any time since that date. Rather, plaintiffs' proposed amendment is intended to correct a mistake of fact which came to light during discovery. It appears that Mr. Lourenco's citizenship has remained the same at all times relevant to the pending suit. The facts here are thus distinguishable from those in Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567 (2004), where the citizenship of the plaintiff limited partnership changed between the time of filing and the time of adjudication.

the matter at bar, if Mr. Lourenco is in fact a citizen of the State of Maryland, complete diversity would be destroyed and this court would be unable to exercise jurisdiction over this case and remand would be required.[3]  See Schacht, 524 U.S. at 388 (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806)).

### B.  Mr. Lourenco's Citizenship for Purposes of Federal Jurisdiction

"Citizenship, like the other ingredients or elements of diversity jurisdiction (such as the amount in controversy, residence of the parties, principal place of business of a corporation), presents a preliminary question of fact to be determined by the trial court." Sligh v. Doe, 596 F. 2d 1169, 1171 (4th Cir. 1979) (internal footnotes omitted).  "Unless the jurisdictional facts are intertwined with the facts central to the merits of the dispute, the district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." U.S. ex rel. Vuyyuru v. Jadhav, 555 F. 3d 337, 348 (4th Cir. 2009) (quoting Adams v. Bain, 697 F. 2d 1213, 1219 (4th Cir. 1982)).  In light of the parties' conflicting factual submissions, the court must determine as a preliminary matter whether Mr. Lourenco is a citizen of the State of Maryland or of the State of Delaware.

"For purposes of determining a party's citizenship, a natural person is deemed a citizen of the State in which he or she is domiciled…" James G. Davis Const. Corp. v. Erie Ins. Exch., 953

---

[3] This court's review is premised on 1447(c), which authorizes remand where subject matter jurisdiction is lacking. Here, as there is only incomplete diversity, subject matter jurisdiction is lacking.  Moreover, the court's conclusion regarding Mr. Lourenco's Maryland citizenship, discussed herein, indicates that removal was also improper on the basis of 28 U.S.C. § 1441(b)(2), which prohibits removal by forum defendants. As objections to removal based on § 1441(b)(2) may be waived (and would be in this case), however, this defect does not require further discussion. See Ross v. Mayor & City Council of Baltimore, No. CIV.A. ELH-14-369, 2014 WL 2860580, at *7 (D. Md. June 20, 2014).

F.Supp. 2d 607, 610 (D. Md. 2013).[4]  "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).  No single factor is determinative of a party's domicile.  See Wright & Miller, 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.).  "A party's own declarations concerning the identity of his domicile, particularly with regard to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism." Id.

As described above, Plaintiffs' Response indicates that as of September 3, 2015 (the date of his deposition), Mr. Lourenco stated that he had lived in Montgomery County, Maryland for the preceding seven years.  (ECF No. 46-2.)  Significantly, Mr. Lourenco indicated that he lived there with his wife and stepdaughter.  (Id.)  Moreover, Mr. Lourenco stated that as between his two properties, the complex in Delaware was not the primary place where he lives.  (Id.)

To the contrary, defendants rely primarily on Mr. Lourenco's October 30 affidavit which describes certain "indicia" of his Delaware citizenship.  These "indicia" include Mr. Lourenco's statements that: he paid taxes in Delaware; is registered to vote there; and possesses a Delaware driver's license.  (ECF No. 47, Ex. C.)  In their supplemental Letter, defendants rely on a recent case from the Northern District of West Virginia in support of their "indicia" of citizenship argument.  Bloom v. Library Corp., 2015 WL 3970742 (N.D.W.Va. June 30, 2015).  Although Bloom is not binding precedent on this court, it is an accurate statement of the law and is entirely consistent with this court's findings.

---

[4] Contrary to the suggestion in Plaintiff's Letter (ECF No. 51), a natural person can never be a "dual citizen" of two states.  The case which plaintiff cites in support of this flawed proposition, Johnson v. Advance Am., 549 F.3d 932, 936 (4th Cir. 2008), deals not with an individual, but rather with a corporation.  While it is correct that a corporation, partnership, or unincorporated association may be a citizen of two (or more) states, a natural person is at all times a citizen of only one state for purposes of federal jurisdiction.  James G. Davis Const. Corp. v. Erie Ins. Exch., 953 F. Supp. 2d 607, 610 (D. Md. 2013).

7

As explained in Bloom, the court must look to the "totality of the circumstances" when determining a party's citizenship for purposes of federal jurisdiction. Bloom, 2015 WL 3970742 at *7. Reviewing all of the evidence before it, this court finds Mr. Lourenco's deposition testimony highly probative of his citizenship. First, the deposition testimony unambiguously indicates that Mr. Lourenco has lived continuously at the same property in Maryland for seven years. (ECF No. 46-2.) Second, Mr. Lourenco states that he lives in the Maryland house with his wife and stepdaughter "most of the time" and considers this house—not the Delaware property—to be the "primary place where [he] live[s]." (Id.) Third, Mr. Lourenco's reference to the Delaware house as "the house" and to the Maryland house as "my house" is a telling expression of Mr. Lourenco's subjective attitude towards each of the properties. (Id., emphasis added.) The deposition testimony, therefore, indicates that Mr. Lourenco is both physically present in Maryland and has a clear "intent to remain there." Holyfield, 490 U.S. at 48.

Despite defendants' argument to the contrary, Mr. Lourenco's affidavit largely confirms the picture that emerges from his deposition testimony. In particular, Mr. Lourenco's statement that, "it was his routine to spend Monday through Wednesday nights in the State of Delaware," ECF No. 47, Ex. C, echoes his prior description of the Maryland house as "the primary place where [he] live[s]." (ECF No. 46-2.) Mr. Lourenco's living arrangement resembles that of the defendant in Bloom, who, while spending time in West Virginia for work, had made Florida her home and was thus deemed a citizen of Florida for purposes of federal jurisdiction. Bloom, 2015 WL 3970742 at *8. While the "indicia" of citizenship—Mr. Lourenco's driver's license, voter registration, and tax filings—which defendants cite in support of their position would, in some circumstances, be persuasive, the totality of the evidence before this court outweighs those factors.

8

Having considered the evidence presented by both parties, this court concludes that Mr. Lourenco is a citizen of the State of Maryland for purposes of federal jurisdiction. At all times relevant to this litigation, plaintiffs Todd and Susanne Grafton and defendant Ruben Lourenco have been citizens of the State of Maryland. Therefore, there is only incomplete diversity in this case, and remand is required. See Schacht, 524 U.S. at 388 (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806)).

## IV. Conclusion

For the foregoing reasons, this case is REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court for Queen Anne's County, Maryland for all further proceedings.

A separate Order follows.

Date: November 18, 2015          _____/s/_____
                                 Beth P. Gesner
                                 United States Magistrate Judge